IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case No: 14-CV-62514-UU

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**CLIFFORD M. COMMANDAY,**

    Defendant.
_____/

## RESPONSE TO MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Clifford M. Commanday, by and through undersigned counsel, and, pursuant to Fed.R.Civ.P. 56 hereby files this Response to Plaintiff's Motion for Summary Judgment, [DE 15], and states as follows:

### INTRODUCTION

Plaintiff was required by the April 7, 2015 Order of this Court to file an Amended Statement of Material Facts by April 8, 2015. [DE 19]. Plaintiff has not to complied with that Order, so Defendant is unsure what facts Plaintiff is setting forth, since there is not a current operative Statement. However, should the Court choose to rely on Plaintiff's original Statement of Material Facts, [DE 15, p. 20], Defendant incorporates by reference his separately filed response to that document, which chiefly argues that Plaintiff has failed to put forth competent evidence of Defendant's Indebtedness.

### RESPONSIVE ARGUMENT

1.  Plaintiff is not entitled to a Summary Judgment under Rule 56(a) of the Federal Rules of Civil Procedure because there are genuine issues of material fact.

2.     The amount due and owing is uncertain and has not been properly pled or verified by affidavit. The Certificate of Indebtedness upon which the suit is based, Exhibit A of Plaintiff's Motion for Summary Judgment, is not competent evidence under Rule 56(e) because it is not based on personal knowledge, and did not affirmatively show that the affiant was competent, as required by Rule 56(c)(4).

3.     Moreover, the Certificate of Indebtedness states that the "Department has credited a total of $270.00 in payments from all sources . . . to the balance." Yet the document does not reflect such payments. It states that there were loan disbursements of $8,500.00, $10,000.00, $5,666.00 and $6,666.00, and then capitalized interest of $14,302.72. Adding those together brings a total of $45,134.72, which is stated as the principal. There is no accounting for the $270.00 in that calculation. It then adds other interest of $24,761.21 to reach the balance of $69,895.93. Again, nowhere in the calculation is the $270.00 payment accounted for, nor is it stated how it is accounted for, and therefore the document is suspect on its face and should not be allowed to support an "undisputed fact."

4.     Further, the copies of the Notes, Plaintiff's Summary Judgment Exhibit D, are not competent summary judgment evidence because they have not been properly authenticated, and therefore are inadmissible. Fed. R. Evid. 902(11); Rule 56(e); *see also cf. United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001). There is nothing in the record from either party that authenticates the copies of the Notes attached to the Motion.

5.     Thus, in light of there being no operative Statement of Material Facts given that Plaintiff has not abided by the Court's Order to submit an Amended Statement; the facial and legal defects of the Certificate of Indebtedness; and the inadmissibility of the Notes, Plaintiff's assertions are not properly supported and there remain genuine issues of material fact and

summary judgment should be denied.

WHEREFORE Defendant respectfully requests that this Honorable Court enter an Order denying Plaintiff's Motion for Summary Judgment, because there are material issues of fact still in dispute, and grant such other relief as it deems appropriate and just.

Respectfully submitted this 15th day of April, 2015.

> Van Horn Law Group, P.A.
> 330 N. Andrews Ave, Suite 450
> Ft. Lauderdale, FL 33301
> (954) 765-3166
> (954) 756-7103 (fax)
> chad@cvhlawgroup.com
>
> By: */s/ Matthew T. Moore*
> Matthew T. Moore, Esq.
> Florida Bar No: 70034

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have, on this 15th day of April, 2015, filed the foregoing with the Court's CM/ECF system, which will cause a service email to be sent to Steven M. Davis, Esq., counsel for Plaintiff, Becker & Poliakoff, 121 Alhambra Plaza, 10th Floor, Coral Gables, Florida 33134, (305) 262-4433, sdavis@becker-poliakoff.com.

> By: */s/ Matthew T. Moore*
> Matthew T. Moore, Esq.
> Florida Bar No: 70034

3